UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOJO EJONGA,

                Plaintiff,

  v.

DANIEL T. SATTERBURG,

                Defendant.

Case No. C12-575-RAJ-JPD

REPORT AND RECOMMENDATION

On April 5, 2012, plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. Plaintiff alleged in his complaint that King County Prosecutor Daniel Satterburg violated his constitutional rights by holding plaintiff to answer for a crime without obtaining a grand jury indictment, and by threatening to amend the charges against plaintiff if plaintiff elected to proceed to trial. Plaintiff failed to make clear in his complaint the precise nature of the relief he was seeking.

On May 3, 2012, after reviewing plaintiff's submissions, this Court issued an Order granting plaintiff's application to proceed *in forma pauperis* and an Order directing plaintiff to

REPORT AND RECOMMENDATION - 1

show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court noted in its Order to Show Cause that it appeared the lone defendant in this case, Daniel Satterburg, was immune from liability because the actions complained of by plaintiff were taken by defendant Satterburg, or his subordinates, in their respective roles as prosecutors for King County, and in the context of plaintiff's state court criminal proceedings. *See Imbler v. Pachtman*, 424 U.S. 409 (1976).

The Court further noted in its Order to Show Cause that even if defendant Satterburg were not entitled to immunity, the action could not proceed because plaintiff's state court criminal proceedings were ongoing and his complaint did not reveal any extraordinary circumstances which would justify this Court's intervention in those proceedings. *See Younger v.Harris*, 401 U.S. 37 (1971).

On May 10, 2012, plaintiff filed a response to the Order to Show Cause. Plaintiff identifies therein the federal constitutional rights he believes have been violated by the conduct of defendant Satterburg during the course of his criminal prosecution, and indicates in his conclusion that he is seeking dismissal of his state court criminal case based upon those alleged violations. As plaintiff has clarified that he is seeking injunctive relief in this action rather than monetary damages, the immunity issue does not come into play. However, plaintiff offers nothing in his response to the Order to Show Cause to demonstrate that this Court's intervention in his ongoing state court proceedings is appropriate at this juncture.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C.

REPORT AND RECOMMENDATION - 2

§ 1915(e)(2)(B).  Because plaintiff fails to state a claim upon which relief may be granted in this civil rights action, this Court recommends that plaintiff's complaint, and this action, be dismissed, without prejudice, pursuant to § 1915(e)(2)(B).  A proposed Order accompanies this Report and Recommendation.

DATED this 14th day of June, 2012.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3